IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THERESA BAKER | : |
| | : |
| v. | :  Civil Action WMN-06-1365 |
| | : |
| ANNE ARUNDEL COUNTY, <u>et al.</u> | : |

### MEMORANDUM

Now before the Court is Defendant P. Thomas Shanahan's motion for reconsideration.  Paper No. 18.  This action is based upon allegations of the use of excessive force by officers of the Anne Arundel Police Department.  At the time of the alleged incident, Defendant Shanahan was the chief of the department.  He has since retired.

On January 18, 2007, this Court issued a memorandum and order partially granting Defendants' motion to dismiss or for summary judgment.  As to Defendant Shanahan, the Court dismissed two of the three claims brought against him: Plaintiff's assault and battery claim (Count VI) and § 1983 claim (Count III).  The claim that remains pending against Defendant Shanahan is a claim for a violation of the Maryland State Constitution (Count V).  In the motion for reconsideration, Shanahan moves to have this claim dismissed as well.

The Court dismissed Count III, the § 1983 deficient training and supervision claim against Shanahan and Anne Arundel County, after concluding that Defendants established that the County had a comprehensive program in place to train officers to respond in

situations like the one giving rise to this action.  The Court also noted that this claim could not go forward against these defendants under any alternative respondeat superior theory as there is no respondeat superior liability under § 1983.  In addressing the parallel state constitutional violation alleged in Count V of the Amended Complaint, the Court noted that, unlike claims under § 1983, there is respondeat superior liability for local government entities for state constitutional violations committed by their officials.  Jan. 18, 2007 Memo. at 17 (citing Dipino v. Davis, 729 A.2d 354, 371 (Md. 1999)).

In the instant motion, Shanahan argues that, while there may be respondeat superior liability against the County as the employer of the individual officers, that liability does not extend to Shanahan simply by virtue of his status as the chief of the police department.  In opposing the motion, Plaintiff acknowledges that her only basis for asserting liability on the part of Shanahan under the state constitution is the doctrine of respondeat superior.  She makes no argument that Shanahan engaged in any affirmative conduct that led to the alleged constitutional violations.  It is undisputed, in fact, that Defendant Shanahan was not at the scene nor did he have any personal knowledge of the incident.

Under similar facts, the Maryland Court of Special Appeals has held that there is no respondeat superior liabilty on the part of the head of a local police department.  Baltimore Police Dept. v. Cherkes, 780 A.2d 410, 439 (Md. Ct. Spec. App. 2001).

Quoting the Maryland Court of Appeals decision in <u>Tedrow v. Deskin</u>, 290 A.2d 799, 803 (Md. 1972), the court reasoned that, "'[t]he superior or managing officer of a corporation cannot be held liable for the misconduct of a subordinate servant or employee unless the act is done with his consent or under his order or direction.'"  <u>See also</u> <u>Franklin v. Montgomery County</u>, Civ. Action No. DKC-05-489, 2006 WL 2632298 at *19 (D. Md. Sept. 13, 2006) ("The role of a chief of police with respect to subordinate police officers is that of a managing co-employee, not an employer, for purposes of <u>respondeat superior</u>.").

    Finding no basis to extend liability for the alleged violation of the state constitution to Defendant Shanahan, the Court will grant the motion for reconsideration.  A separate order consistent with this Memorandum will issue.

                                                      /s/
                                     William M. Nickerson
                                     Senior United States District Judge

Dated: March 6, 2007